UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

PAUL R. HAYDEN,                                             05-CV-0294E(Sr)

                        Plaintiff,

                                                            MEMORANDUM

            -vs-
                                                                and

ALAN G. HEVESI, Individually and Officially as              ORDER[1]
    Comptroller of the New York State Employees'
    Retirement System,
PATRICK GALLIVAN, Individually and
    Officially as Sheriff of Erie County, and Head of
    Erie County Sheriff's Department, and
H. McCARTHY GIPSON, Individually and
    Officially as Superintendent of the Erie County
    Holding Center and Jail Management
    Division of the Erie County Sheriff's Department,

                        Defendants.

———————————————————

## INTRODUCTION

        Plaintiff, Paul R. Hayden (Hayden), commenced this suit pursuant to 42 U.S.C.

§1983 ("§1983 ") alleging that defendants, while acting under color of law, deprived

him of his property interest in disability retirement benefits without due process of

law.  He seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and

2202.  Defendants, sued both individually and in their official capacity, are the

Comptroller for the State of New York ("Hevesi"), the Sheriff for the County of Erie

("Gallivan") and the Superintendent of the Erie County Holding Center and Jail

---

[1]This decision may be cited in whole or in any part.

Management Division of the Erie County Sheriff's Department ("Gipson").  Where appropriate, Gallivan and Gipson shall hereinafter collectively referred to as "the County defendants".  The County defendants have interposed an answer which contains a cross-claim for indemnification and contribution against Hevesi.  *In lieu* of an answer, Hevesi has moved for dismissal of the complaint pursuant to F.R.Cv.P.12(b)(1) and 12(b)(6) (Dkt. #7) and has also moved for dismissal of the cross-claim pursuant to F.R.Cv.P.12(b)(6) (Dkt. #12).

## BACKGROUND

Plaintiff's complaint alleges the following facts.  He began his employment at the Erie County Holding Center (a division of the Erie County Sheriff's Office) as a Civil Service Deputy Sheriff Officer in December, 1985.  Beginning at that time, and continuing at all times during his employment, he participated in the NYS Retirement System, contributing a percentage of his gross earnings in order to maintain membership in the Retirement System.  On May 7, 1999 he was injured in an automobile accident.  Although he attempted to return to work on one occasion, he was unable to do so and on or about May 21, 1999, he was placed on unpaid medical leave.  On or about July 27, 2000, while still on medical leave, he received a letter from the Erie County Sheriff's office advising him that his employment was going to be terminated as of August 1, 2000 pursuant to New York State Civil Service Law Section 73 ("the original notice").  He further

claims that, although the letter did inform him that he could be reinstated to his position within one year from his termination, it did not contain any of the attachments or enclosures to which it referred and, more specifically, did not provide him with any information concerning his eligibility, rights or limitations with respect to applying for disability retirement benefits, to wit — that he had twelve (12) months within which to make a timely application for such benefits (*Accord* New York Retirement and Social Security Law ("NYRSSL") Section 605(b)(2) ). Upon inquiry to the Sheriff's office, the letter was re-sent, again without any attachments or enclosures.

On or about September 3, 2000, plaintiff received what he described as a "final paycheck" from the Sheriff's Department indicating a pay period ending August 25, 2000, with an apparent contribution to the NYS Retirement System reflected therein, leading him to believe that his employment was not terminated on the date stated in the original notice.

Plaintiff claims that he did not learn of his right to apply for disability retirement benefits until August, 2001 when he met with a representative from Hevesi's office on another matter and, as result, he immediately thereafter applied for the benefits, on August 28, 2001. He claims that the County defendants provided incorrect information to Hevesi's office that resulted in a denial of

benefits based on untimeliness, depriving him of approximately $15,000.00 per year in disability retirement benefits to which he is entitled.

He requested and was provided an administrative hearing on October 15, 2003 with respect to this denial of benefits.  While a decision in the matter was pending, the original hearing officer retired and the officer who replaced her decided the matter upon review of transcript and exhibits which he did not understand.  The decision, which was issued on September 18, 2004 and upheld by Hevesi on October 14, 2004, found that plaintiff's application for benefits was not timely.  Plaintiff received a copy of this decision on October 18, 2004, more than a year after the hearing.

The gravamen of plaintiff's claim is that he had a "property interest", within the meaning of the due process clause of the Fourteenth Amendment to the United States Constitution, in applying for and/or receiving disability retirement benefits and that defendants deprived him of that property interest without the process to which he is constitutionally due.  Defendants deprived him of this property interest in failing to provide him with minimally reasonable notice and an opportunity to be heard at a meaningful time and in a meaningful way relative to (1) the manner in which he was notified of his termination, (2) the information provided (or not provided) regarding application for disability retirement benefits and (3) the appeal process upon the denial of such benefits.

More particularly, plaintiff claims that the time limitation on his right to apply for disability retirement benefits was triggered by State action, to wit — the Sheriff's office's termination of his employment.  He further claims that he should be entitled to receive notice of those time limitations and the defendants should be obligated to provide them.  As such, the County defendants' failure to provide such notice resulted in plaintiff being unaware of the time limitation and ultimately deprived him of his rights to receive such benefits.  Further, the state defendant, Hevesi, failed to provide a prompt hearing, timely decision, or neutral and informed hearing officer with respect to the appeal of the denial of such benefits.

Plaintiff also claims that New York State Civil Service Law Section 73, on its face and as applied, does not comport with due process because it does not require employers to provide employees with reasonable notification of their rights and time limits regarding possible disability retirement benefits.

Defendant Hevesi moves to dismiss the entire complaint on the ground that this Court should abstain from exercising jurisdiction because plaintiff had a state court action based on the same subject matter pending when he filed the instant action.  In the alternative, he seeks to dismiss the First, Second and Third causes of action to the extent that they seek relief against Hevesi for alleged inadequacies in the termination notice as any claim based on that allegation is

time barred and also because the First, Second and Third causes of action fail to state a claim upon which relief can be granted.  Hevesi seeks to dismiss the Sheriff's office's cross-claims on the grounds that claims brought pursuant to §1983 do not establish any rights for indemnification and/or contribution and that Hevesi is nevertheless entitled to immunity regarding his adjudicative responsibilities.

## **DISCUSSION**

*Standard of Review*

A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.  *Aurecchione* v. *Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005), *citing Luckett* v. *Bure*, 290 F.3d 493, 497 (2d Cir. 2002).  Further, in evaluating Hevesi's motion to dismiss pursuant to F.R.Cv.P. 12(b)(1) for lack of such jurisdiction, the Court will accept Hayden's factual allegations as true, draw all reasonable inferences in his favor (*id.*) and may refer to evidence and materials outside of the pleadings without converting the motion to one for summary judgment.  *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir.2000)*, citing Kamen* v. *Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (considering evidence outside of the pleadings); *Dangler* v. *N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) (motion is not converted).  It is also noted that, when there are allegations in a complaint that are not factual and

consist chiefly of argument or conclusion, they will not be given this deferential consideration. *See Warren* v. *District of Columbia*, 353 F.3d 36, 39 (D.C.Cir.2004). The Court will then dismiss for lack of subject matter jurisdiction if it finds that it "lacks the statutory or constitutional power to adjudicate it." *Makarova*, *supra* at 113; *Aurecchione*, *supra* at 638; *Cerrone* v. *U.S.*, 2006 WL 2795614, *1 (W.D.N.Y, 2006).

Similarly, when considering a motion to dismiss pursuant to F.R.Cv.P. 12(b)(6), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002); *quoting Hernandez* v. *Coughlin*, 18 F.3d 133, 136 (2d Cir.1994). Again, the Court notes that ,when there are allegations in a complaint that are not factual and consist chiefly of argument or conclusion, they will not be given this deferential consideration. *See Warren, supra,* 353 F.3d at 39. The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

*Motion to Dismiss Cross-Claim*

The County defendants' cross-claim against Hevesi alleges that

> "If the defendants Patrick Gallivan and H. McCarthy
> Gipson are found liable for damages in this action, such
> liability will have been caused or contributed to, in
> whole or in part by the negligence, carelessness and/or
> culpable conduct of defendant Alan G. Hevesi and the
> defendants Patrick Gallivan and H. McCarthy Gipson
> will be entitled to indemnification and/or contribution
> therefore.
>
> In the event that defendants Patrick Gallivan and H.
> McCarthy Gipson are found to be liable to the plaintiff
> for damages, they will be entitled to indemnification by
> and judgment over and against co-defendant Alan G.
> Hevesi for the amount of damages, including but not
> limited to attorneys fees and costs."
>
> (Dkt. #11, ¶¶37, 38).

Hevesi moves to dismiss this cross-claim, arguing that it fails to state a
claim upon which relief can be granted because §1983 (the basis of the underlying
claim) does not establish a right to, or a cause for, indemnification or
contribution.[2]   Hevesi also argues that even if such a right or cause can be

---

[2]It is undisputed that plaintiff's claims are brought pursuant to §1983 (see, Dkt. #1, ¶1).

construed, he is immune from suit in his official capacity and entitled to quasi-judicial immunity.

First, the Court finds that there is no federal right to indemnification under §1983. *M.O.C.H.A. Society, Inc.* v. *City of Buffalo,* 272 F.Supp.2d 217, 220 - 21 (W.D.N.Y. 2003)*; Allen* v. *City of Los Angeles,* 92 F.3d 842, 845, n. 1 (9th Cir. 1996), *citing Banks* v. *City of Emeryville*, 109 F.R.D. 535, 539 (N.D.Cal. 1985); *accord Anderson* v. *Local Union No. 3, Int'l Brotherhood of Electrical Workers,* 751 F.2d 546 (2d Cir.1984)(no right of indemnification in cases brought under 42 U.S.C. §1981 and Title VII);  *see also Northwest Airlines, Inc.* v. *Transport Workers Union of America*, AFL-CIO, 451 U.S. 77, 101 S.Ct. 1571 (1981)(courts are not free to read a cause of action for indemnity into statutes where no statutory basis exists for such a claim).  Further, under New York law, indemnification is available only where there is evidence of either an express or implied agreement between the parties.  *See Rosado* v. *Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 23-24 (1985). Notwithstanding the lack of factual allegations against Hevesi in the cross-claim, there is clearly no allegation or suggestion by the plaintiff that there was an indemnification agreement between the state and county defendants.  The County defendants, therefore, cannot pursue a claim for indemnification against Hevesi.

Second, there is also no statutory basis found in §1983 for a right of contribution and the Court will not construe one.  *See Northwest Airlines*, *supra*. Moreover, courts have specifically construed that there is no right to contribution on a claim brought pursuant to §1983.  *M.O.C.H.A. Society, supra,* 272 F.Supp.2d at 220-21 (claim for contribution or indemnity is unavailable in an action brought under Title VII and §1983);  *Carrion* v. *City of New York*, 2002 WL 31107747, *3 (S.D.N.Y. 2002)("Section 1983 does not provide an express right to contribution"); *Mason* v. *City of New York*, 949 F.Supp. 1968, 1079 (S.D.N.Y. 1996)("there is no right to contribution under §1983");  *Harris* v. *Angelina County*, 31 F.3d 331, 338 & n.9 (5th Cir.1994)(no claim for contribution in §1983 cases, especially when the claim for contribution is sought from their own political subdivision, *i.e.*, County seeking contribution from State).

On the basis of this authority, the Court holds that the County defendants fail to state a third-party claim against the state defendant, Hevesi, for either contribution or indemnification arising out of plaintiff's §1983 claim in this case. Hence, Hevesi's motion to dismiss the cross-claim (Dkt. #12) is hereby **GRANTED**.

*Motion to Dismiss Complaint*

Hevesi's motion to dismiss pursuant to F.R.Cv.P. 12(b)(1) is based on the argument that this Court should abstain from exercising jurisdiction because

- 10 -

there is an action pending before the Courts of New York addressing this very same claim.  On September 28, 2006, the Appellate Division, Third Department, of the New York State Supreme Court addressed the issue which is relevant to this instant case and central to at least plaintiff's second cause of action[3] and found that "respondent's determination that petitioner's application was untimely is rational and supported by substantial evidence." *Matter of Hayden* v. *Hevesi*, 32 A.D.3d 1125, 1126, 821 N.Y.S.2d 478, 479 (3d Dept. 2006).  More importantly, the Appellate Division also found that "petitioner received unambiguous and certain notice that his employment was terminated effective August 1, 2000 ***, he understood that he was terminated as of that date and his application for disability retirement benefits was filed more than 12 months after that date.  The receipt of a check from the County, indicating payment for accrued vacation and compensation time, subsequent to petitioner's termination date, created no ambiguity here and does not compel a different conclusion." *Ibid.*

---

[3]The gravamen of plaintiff's Second Cause of Action relates to his claim that he "was entitled to receive unambiguous and certain notice of the actual termination of his employment upon which he could reasonably calculate his time within which to apply for disability retirement benefits and the defendants were obligated to provide him with same" (Dkt. #1, ¶53) and defendants' failure to provide him with this notice resulted in the denial of his constitutionally protected property interests in applying for and/or receiving disability retirement benefits.

The Appellate Division's decision above renders Hevesi's motion pursuant to F.R.Cv.P. 12(b)(1) moot.  However, plaintiff may be collaterally estopped[4] from arguing that he did not receive adequate and unambiguous notice of the date of his termination[5] or that Hevesi's determination that his disability retirement benefits application was untimely was not rational or unsupported by substantial evidence[6].  *See, e.g., DiSorbo* v. *Hoy*, 343 F.3d 172, 182 - 83 (2d Cir. 2003).  How this collateral estoppel may affect each of the causes of action herein will be addressed *infra*.  However, dismissal will not be granted on this ground without further notice and opportunity to be heard.

Hevesi's motion to dismiss also argues that plaintiff's First, Second and Third causes of action fail to state a claim as against Hevesi because they fail to sufficiently allege his personal involvement and because they are barred by the statute of limitations.

With respect to the statute of limitations issue, it is noted that the statute of limitations governing §1983 actions arising in New York is three years.  *See*

---

[4]While Hevesi has not interposed an answer herein, the County defendants have, pleading estoppel as an affirmative defense. (Dkt. #11, ¶25).

[5]Which is clearly relevant to plaintiff's First, Second and Third causes of action.

[6]Which is relevant to plaintiff's Fourth cause of action which alleges the "failure of defendant Hevesi to provide plaintiff with a prompt hearing, with a fair, neutral and informed hearing officer and decision-maker, and a timely decision regarding plaintiff's eligibility for disability retirement benefits violated plaintiff's due process rights and caused plaintiff undue delay in securing and/or receiving said benefits." (Dkt. #1, ¶70).

*Jaghory* v. *New York State Dep't of Educ.,* 131 F.3d 326, 331-32 (2d Cir. 1997).[7]  The

Second Circuit has held that a §1983 claim accrues "when the plaintiff knows or

has reason to know of the injury which is the basis of his action." *Pearl* v. *City of*

*Long Beach,* 296 F.3d 76, 80 (2d Cir.2002) (citation and internal quotation marks

omitted).[8]  However, "the proper focus is on the time of the [unlawful] act, not the

point at which the consequences of the act becomes painful." *Eagleston* v. *Guido*,

41 F.3d 865, 871 (2d Cir. 1994) *(quoting Chardon* v. *Fernandez,* 454 U.S. 6, 8, 102

S.Ct. 28, 29 (1981)).

Plaintiff's First cause of action alleges due process violations in the

defendants' failure to provide him with notice of the time limitations within which

he was to apply for disability retirement benefits (*i.e.*, within one year after

termination of employment)(see, Dkt. #1, ¶¶43, 45, 46).  Construing the allegations

to best suit the plaintiff, the Court finds that the latest date that plaintiff should

have been aware of this "unlawful act" is the date upon which he found out that

defendants, be it either the County defendants or Hevesi, actually failed to give

---

[7]In §1983 actions, the statute of limitations period to be applied is that of the State's statute of limitations for personal injury actions. *Owens* v. *Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573 (1989).  In New York, that period is clearly three years, *See* N.Y. C.P.L.R. § 214(5) (McKinney 1990).

[8]In support of this "well settled" concept, plaintiff has improperly cited a 2005 Summary Order from the Second Circuit which states that it "may not [be] cited as precedential authority to the Second Circuit or any other court".  Hence, this Court cites to the underlying law which properly sets the precedent for this concept.

him the time limitations notice.  The complaint alleges that plaintiff discovered that the defendants did not give him this notice when he met with a representative from Hevesi's office on another matter in August, 2001.  This cause of action, therefore must have been filed no later than August, 2004, and because the complaint herein was not filed until April 29, 2005, the cause of action relating to the failure to give notice of the time limitations for applying for disability retirement benefits is time-barred.

The same August, 2001 date also necessarily applies to plaintiff's Third cause of action which alleges that New York State Civil Service Law Section 73 is unconstitutional on its face and as applied because it does not require that an employer give the aforementioned time limitation notice to an employee upon termination of their employ (see, Dkt. #1, ¶61).  Hence, the Third cause of action is also time-barred.

Plaintiff's Second cause of action alleges due process violations in defendants' failure to provide him with unambiguous and certain notice of the actual date of his termination (see, Dkt. #1, ¶¶53, 57).  Notwithstanding the fact that there are no allegations against Hevesi which indicate that he was in any way responsible for this notification[9], and the fact that collateral estoppel may

---

[9]This lack of personal involvement alone is sufficient to support a dismissal. *See Blyden* v. *Mancusi,* 186 F.3d 252, 264 (2d Cir. 1999).  While personal involvement is usually addressed
(continued...)

prevent plaintiff from arguing this (as the state court has specifically held that he "received unambiguous and certain notice that his employment was terminated effective August 1, 2000", *Matter of Hayden, supra* at 1126), his claim based thereon is time-barred.  At best and based on plaintiff's own allegations, he was aware of his termination as August 25, 2000 when he received his last paycheck (see, Dkt. #1, ¶24), clearly more than three years before he filed the instant complaint.  Therefore, plaintiff's Second cause of action is also time-barred.

## CONCLUSION

For the foregoing reasons, defendant Hevesi's motions for dismissal of the cross-claim (Dkt. #12) and dismissal of the First, Second and Third causes of action in the complaint as against him (Dkt. #7) are hereby **GRANTED**. Therefore, the County defendants' cross-claim against Hevesi is hereby DISMISSED and the First, Second and Third causes of action in the complaint are DISMISSED as against defendant Hevesi.

DATED:        Buffalo, N.Y.

February 11, 2007

_____
                   /s/ John T. Elfvin
                   JOHN T. ELFVIN
                   S.U.S.D.J.

---

[9](...continued)
at the summary judgment stage, plaintiff herein gives absolutely no suggestion that Hevesi could have been responsible in any way for informing him of the date of his termination of employment with the Erie County Sheriff's Office.

- 15 -